**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

INTERESTED LONDON
UNDERWRITERS as subrogees of CORUS
AMERICA, INC.,

Plaintiffs,

-against-

M/V "GENCO WISDOM," her engines,
boilers, etc., in rem; GENCO SHIPPING &
TRADING LIMITED; GENCO SHIP
MANAGEMENT LLC; VOC
SHIPHOLDINGS B.V.; VOC STEEL
SERVICES, B.V.; and CLIPPER BULK
(USA) INC., in personam,

Defendants.

07 CV 3044 (NRB) (THK)

*GENCO* DEFENDANTS' ANSWER WITH
AFFIRMATIVE DEFENSES AND CROSS
CLAIMS

**PLEASE TAKE NOTICE** that Defendants GENCO SHIPPING &
TRADING LIMITED and GENCO SHIP MANAGEMENT LLC, (hereinafter "GENCO" or
"Defendant") by their attorneys, MAHONEY & KEANE, LLP, hereby answer Plaintiffs'
Complaint, upon information and belief, as follows:

1.     Defendant denies knowledge and information sufficient to form a belief as to the
allegations contained in paragraph "First" of Plaintiffs' Verified Complaint.

2.     Defendant denies each and every allegation contained in paragraph "Second" of
Plaintiffs' Verified Complaint.

3.     Defendant denies each and every allegation contained in paragraph "Third" of
Plaintiffs' Verified Complaint.

4.     Defendant denies each and every allegation contained in paragraph "Fourth" of
Plaintiffs' Verified Complaint.

- 1 -

5.      Defendant denies each and every allegation contained in paragraph "Fifth" of Plaintiffs' Verified Complaint.

6.      Defendant denies each and every allegation contained in paragraph "Sixth" of Plaintiffs' Verified Complaint.

7.      Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "Seventh" of Plaintiffs' Verified Complaint.

8.      Defendant denies each and every allegation contained in paragraph "Eighth" of Plaintiffs' Verified Complaint.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

9.      The Complaint fails to state a claim against Defendant on which relief can be granted.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

10.     Defendant is not liable to Plaintiffs on the causes of action alleged in the Complaint.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

11.     If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which the Defendant is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

12.     If this Honorable Court finds that the Plaintiffs have suffered damages to cargo for which Defendant is liable, said damages must be limited pursuant to 46 U.S.C.A. 1304 (5).

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

13.     If there was any loss of and/or damage to cargo as alleged in the Complaint, Defendant is not liable to the Plaintiffs by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

## AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

14.    If there was any loss/and or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the Defendant is exonerated under the Harter Act, Title 46 U.S.C.A. § 190, et seq.

## AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

15.    Defendant puts Plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 1936.

## AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

16.    Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while the goods were in the possession, custody or control of Defendant or on board the carrying vessel(s) arose from the conditions of the goods when delivered to Defendant or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and Defendant is not under any liability for any such loss or damage.

## AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

17.    (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that said vessel(s) was/were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, Defendant is not under liability therefore.

## AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

18.    Plaintiffs' claim is barred by the Statute of Limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the Doctrine of Laches.

## AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

19.    Any damages sustained by Plaintiffs, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom Defendant had and has no direction or control.

## AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

20.    Plaintiffs knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

## AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

21.    Any injuries that may have been sustained by Plaintiffs, as alleged in its Complaint, occurred as a direct result of Plaintiffs' own negligent conduct, and not by any negligence of Defendant and as such Plaintiffs are barred from recovery in this action.

## AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

22.    Plaintiffs are guilty of culpable conduct in the events giving rise to the claims now asserted in Plaintiffs' Complaint, and their recovery, if any, must be diminished in proportion thereto.

## AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

23.    Plaintiffs herein have failed to mitigate their damages.

## AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

24.    The forum is inconvenient and the Complaint should be dismissed pursuant to the Doctrine of Forum Non Conveniens.

### AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE

### DEFENSE

25.     The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

### AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE

### DEFENSE

26.     The terms of the bill of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

### AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE

### DEFENSE

27. Plaintiffs have failed to bring Defendant within the personal jurisdiction of the Court.

### AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

28. This Court lacks personal jurisdiction of the Defendant.

### AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE

### DEFENSE

29.     Plaintiffs have failed to make proper service of process upon Defendant.

### AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE

### AFFIRMATIVE DEFENSE

30.     This Answer and Cross-claim is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

## AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS VOC SHIPHOLDINGS B.V.;

## VOC STEEL SERVICES, B.V.; AND CLIPPER BULK (USA) INC.

31.    This is a claim under the Court's Admiralty and Maritime Jurisdiction, and under the Court's diversity and pendent jurisdiction.

32.    That if Plaintiffs suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of the Co-defendants VOC SHIPHOLDINGS B.V.; VOC STEEL SERVICES, B.V.; and CLIPPER BULK (USA) INC.

33.    That if Defendant/Cross-claimant GENCO, is found responsible for any of the loss and/or damage sustained by Plaintiffs herein, Defendant/Cross-claimant GENCO is entitled to indemnification and/or contribution in whole or in part from the Co-defendants, VOC SHIPHOLDINGS B.V.; VOC STEEL SERVICES, B.V.; and CLIPPER BULK (USA) INC., for said losses and/or damage including costs and reasonable counsel fees.

WHEREFORE, Defendants GENCO SHIPPING & TRADING LIMITED and GENCO SHIP MANAGEMENT LLC demand judgment dismissing the Complaint herein; judgment against the co-defendants, VOC SHIPHOLDINGS B.V.; VOC STEEL SERVICES, B.V.; and CLIPPER BULK (USA) INC., for all sums which may be recovered by Plaintiff against the GENCO Defendants; and awarding fees and disbursements of this action and such other and further relief as to the Court may seems just and proper.

Dated: New York, NY

June  7 , 2007

Respectfully submitted,

MAHONEY & KEANE, LLP
Attorneys for Defendants
**GENCO SHIPPING & TRADING
LIMITED** and **GENCO SHIP
MANAGEMENT LLC**

By:

Garth S. Wolfson (GW 7700)
111 Broadway, 10th Floor
New York, NY 10006
Tel (212) 385-1422
Fax (212) 385-1605
Our File No. 19/3398/B/07/4

## SERVICE LIST

COZEN O'CONNOR
Attorneys for Plaintiff
45 Broadway Atrium, 16th Floor
New York, NY 10006
Tel (212) 509-9400
Fax (212) 509-9492

Attn:  <u>David Loh, Esq.</u>

VOC SHIPHOLDINGS B.V.
Wilhelminatore
Wilhelminaplein 28
3072 DE Rotterdam
The Netherlands

VOC STEEL SERVICES B.V.
Westerlaan 10
3016 CK Rotterdam
The Netherlands

CLIPPER BULK (USA) INC.
Five Stamford Landing
78 Southfield Avenue
Stamford, CT 06902